UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| VONDA SLONE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:18-CV-052-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| NANCY A. BERRYHILL, Acting, | ) **ORDER GRANTING** |
| Commissioner of Social Security, | ) **MOTION FOR STAY** |
| | ) |
| Defendant. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant's (the "Commissioner") Motion for Stay [R. 10]. The Commissioner states that this case is one of many cases "challenging the redetermination of individuals' entitlement to benefits under sections 205(u) and 1631(e)(7) of the Social Security Act, 20 C.F.R. §§ 405(u), 1383(e)(7), which are currently pending in this and other courts." *Id.* Plaintiff Vonda Slone does not oppose the Commissioner's motion. [R. 12, R. 13]

Also before the Court is plaintiff's Motion to Amend Complaint and Motion to Remand [R. 12, R. 13]. The plaintiff has advised the Court of her intention to amend her complaint and raise a claim based on the Appointment Clause, citing to *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018) for support. [R. 12, R. 13] The Commissioner does not take a position with respect to the motion to amend. [R. 15] Relying on *Lucia*, plaintiff seeks to add a claim that "the denial issued in Mr. Blair's disability claim issued in 2017 was issued by an ALJ who was not properly appointed as set forth under the Appointments Clause." [R. 12, R. 13] This issue was recently addressed in *Blackburn v. SSA*, 0:17-cv-00120-DCR, (E.D. KY, Oct. 2018). There, the Court denied the plaintiff's motion to amend as futile because "Blackburn

- 1 -

forfeited this claim by failing to raise it at the administrative level." *Id.* at [R. 23, Memorandum Opinion and Order, at p. 2] As the court in *Blackburn* explained, the Supreme Court's holding in *Lucia* is inapposite with the facts of this case for one reason: timeliness. In *Lucia*, the Supreme Court held that "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055 (emphasis added) (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). As the court in *Blackburn* noted, however, the failure to raise a claim during the administrative process generally causes a plaintiff to forfeit his ability to raise the claim in federal court. *Blackburn*, 0:17-cv-00120-DCR, at [R. 23, Memorandum Opinion and Order, at p. 2-3] (citing *Maple v. Afpel*, 14 F. App'x 525, 537 (6th Cir. 2001) ("This Court will not review the ALJ's decision with respect to issues not properly raised at the administrative level."). The *Blackburn* court then pointed to the uniformity in outcomes in other districts that have addressed this issue.[1]

Plaintiffs are not required to raise facial constitutional challenges before administrative bodies that could not entertain them. *Jones Bros., Inc. v. Sec. of Labor*, 898 F.3d 669 (6th Cir. 2018). However, Plaintiff Vonda Slone has not suggested that the statute providing for the appointment of Social Security ALJs *could not* be applied in a constitutional manner. *See* 5 U.S.C. § 3105 (The SSA may "appoint as many administrative law judges as are necessary for proceedings equired to be conducted. . . ."). As-applied challenges like Slone's must be raised before the administrative agency, absent extraordinary circumstances excusing the failure to raise the issue. *See Jones*, 898 F.3d at 677-78 (citing *Freytag v. Comm'r*, 501 U.S. 868 (1991)). Here,

---

[1] *See Garrison v. Berryhill*, No. 1: 17-CV-00302, 2018 WL 4924554 (W.D. N.C. Oct. 10, 2018) (Appointments-Clause challenge forfeited when not raised at administrative level); *Avila v. Berryhill*, No. EDCV 17-1440-JPR, 2018 WL 4770733 (C.D. Cal. Oct. 1, 2018) (same); *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-CV-00102, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018) (same); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984 (N.D. Iowa Sept. 14, 2018) (same).

Slone points to no reason why she failed to raise this challenge previously.[2] This motion will therefore be denied without prejudice.

Finally, plaintiff argues that remand is appropriate pursuant to 42 U.S.C. § 405(g) because "the Social Security ALJ would be deemed to be an 'officer' of the United States and thus subject to the requirements of the Appointment Clause . . ." [R. 12, R. 13] Plaintiff does not develop this argument fully. Further, plaintiff's motion does not comply with LR 83.11. The Commissioner has not yet filed a responsive pleading or the Certified Administrative Transcript in this case pursuant to LR 83.11(b). Without the filed administrative transcript, the Commissioner cannot establish possible defenses and there is not sufficient evidence in the record for the Court to consider plaintiff's argument fully. Thus, this issue is premature for the Court's consideration.

Accordingly, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Commissioner's Motion for Stay [**R. 10**] is **GRANTED**;
2. This action is **STAYED** until further Order from this Court, pending a determination by the United States Court of Appeals for the Sixth Circuit of the procedural challenges to the sections 205(u) and 1631(e)(7).
3. Plaintiff's Motion to Amend [**R. 12**, **R. 13**] is **DENIED without prejudice**.
4. Plaintiff's Motion for Remand [**R. 12**, **R. 13**] is **DENIED without prejudice.**

This the 22nd day of October, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

---

[2] As the Commissioner points out, however, the Certified Administrative Record has not yet been filed. [R. 15] If Slone can point to evidence in the transcript where she raised this issue during the administrative process, the Court will entertain this argument.